# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N11C-01-089 ALR |
| | ) | |
| CORVEL CORPORATION, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CORVEL CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-05-069 ALR |
| | ) | **CONSOLIDATED** |
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) | |
| Defendant. | ) | |

### *Upon Homeland's Motion to Enter Order of Dismissal*
### DENIED

By Order dated November 20, 2018, the Delaware Supreme Court reversed the February 1, 2018 decision of this Court without remanding the case to the Superior Court for any further proceedings.[1] Thereafter, the Delaware Supreme Court issued a Mandate and noted that this case "has been finally determined."[2]

Despite this procedural posture, Homeland has filed a motion, without citing any procedural basis or making any reasoned argument for the relief sought, requesting that this Court enter an Order of dismissal with prejudice.[3]

---

[1] *Homeland Ins. Co. of New York v. CorVel Corp.*, No. 60, 2018 (Del. Nov. 20, 2018) (ORDER).

[2] *Homeland Ins. Co. of New York v. CorVel Corp.*, No. 60, 2018 (Del. Dec. 6, 2018) (MANDATE).

[3] Homeland's motion resulted in a flurry of submissions and letters by both parties, complete with accusations and personal attacks. Unfortunately, both parties have engaged in contentious litigation tactics and distasteful *ad hominem* attacks

This Court has no authority to conduct further proceedings without direction by the Supreme Court unless further proceedings are deemed necessary.[4] It is not necessary to enter an order of dismissal with prejudice, especially where, as here, the Delaware Supreme Court reversed this Court's decision but did not remand the case for further proceedings and, more importantly, finally resolved this long-pending dispute.[5]

**NOW, THEREFORE, Homeland Insurance Company of New York's Motion to Enter an Order of Dismissal is DENIED.**

**IT IS SO ORDERED this 9th day of April, 2019.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**

---

throughout this litigation. Such an approach is disfavored by Delaware Courts. *See P.J. Bale, Inc. v. Rapuano, 2005 WL 3091885, at *1 (Del. Nov. 17, 2005); Kelly v. Fuqi Intern., Inc.*, 2013 WL 135666, at *6 (Del. Ch. Jan. 2, 2013). The Court is mindful that Delaware counsel may not be directing the vitriol infecting the submissions. Nevertheless, Delaware counsel have a special responsibility to supervise non-Delaware counsel admitted *pro hac vice* and to assure that the Court's expectations for professional conduct and civility are met consistent with Rule 5.1(b) and 5.4(c) of the Delaware Lawyers' Rules of Professional Conduct, including to expedite litigation per Rule 3.2, to refrain from undignified or discourteous conduct that is degrading to the tribunal per Rule 3.5(d), and to avoid conduct prejudicial to the administration of justice per Rule 8.4(d).

[4] *See* Supr. Ct. R. 19; Super. Ct. Civil. R. 76.

[5] This judicial officer appreciated the Delaware Supreme Court's exercise of its discretion NOT to remand for further proceedings in the Superior Court as this is my oldest and least favorite case. *See Align Technology, Inc. v. Clearcorrect, Inc., et al*, C.A. No. 4:11-CV-695, at 2 (S.D. Tex. Dec. 12, 2016) (ORDER) (articulating a trial court's infrequent but sometimes unavoidable reaction to receipt of yet another request for relief in a case that should have long since been concluded).